# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **MARECELLUS ADAMS** | **CIVIL ACTION NO. 18-634-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN VANNOY** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Marecellus Adams ("Petitioner"), pursuant to 28 U.S.C. § 2254. This petition was received and filed in this court on May 11, 2018. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction and sentence. Petitioner names Warden Vannoy as respondent.

On August 22, 2013, Petitioner was convicted in the Louisiana First Judicial District Court, Parish of Caddo, of one count of second degree murder. On September 4, 2013, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner claims (1) the evidence was insufficient to support his conviction; (2) his sentence is unconstitutionally harsh and excessive; (3) he received ineffective assistance of counsel; and (4) his trial was fundamentally unfair in violation of Article 1 on the United States Constitution.

Petitioner has failed to provide documentation to evidence that all his claims were, in fact, fully exhausted with the state courts. Habeas corpus relief is available to a person

who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction or sentence in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and to correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose, 455 U.S. at 509. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that a petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Before this court can consider Petitioner's claims, Petitioner should provide this court with documentation that he has, in fact, exhausted each claim presented in his petition in the state courts. Specifically, Petitioner must file with this court a copy of the brief he filed with each level of the state courts and the responses of each level of the state courts regarding his direct appeal and applications for post-conviction relief.

Accordingly;

**THE CLERK IS DIRECTED** to serve by mail, a copy of this memorandum order upon Petitioner who must then submit to the Clerk of Court in Shreveport, Louisiana,

within thirty (30) days after service of this Order, documentary proof that he has exhausted his available state court remedies. Failure to do so will result in dismissal of this suit pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 18th day of September 2018.

Mark L. Hornsby
U.S. Magistrate Judge