UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARECELLUS ADAMS #425582 | CIVIL ACTION NO. 18-cv-0634 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| DARREL VANNOY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Petitioner Marecellus Adams ("Adams") appeals a memorandum order of the Magistrate Judge [Record Document 17] denying his motion to stay the above-captioned habeas petition while he exhausts state court remedies in connection with a second post-conviction application based on *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). In *McCoy*, the Supreme Court held that even if counsel reasonably believes conceding guilt is the best tactical decision to avoid the death penalty in a capital case, it is a Sixth Amendment violation for the lawyer to concede a defendant's guilt when the client "expressly asserts" that he does not wish to concede guilt. *Id.* at 1508-09. Adams contends that the Magistrate Judge failed to recognize the facts he offered in support of his request for a stay and "overlooked the simplicity of the holding in *McCoy*." [Record Document 18 at 2].

In consideration of the appeal filed by Adams to the Magistrate Judge's order denying the motion to stay [Record Document 16], the Court hereby AFFIRMS the Magistrate Judge's order [Record Document 17]. The Court agrees with the Magistrate Judge's reasoning set forth in his Memorandum Ruling [Record Document 17], and adopts the reasoning from this ruling as its own, except to the extent explained herein.

1

In his order, the Magistrate Judge applied the standard enunciated by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005). The *Rhines* standard technically applies only to "mixed" habeas petitions and Adams does not yet have a "mixed" petition. [Record Document 1]. *Rhines* is still applicable, however, because Adams's motion seeks to transform his petition into a "mixed" habeas petition by adding the not-yet-exhausted *McCoy* claim to his pending petition. [Record Document 16 at 2].

As the Magistrate Judge correctly stated, under *Rhines*, Adams's requested stay should only be granted if the Court (1) finds that there was "good cause for the petitioner's failure to exhaust his claims first in state court"; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner is not engaging "in abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78. When addressing the merits of Adams's claim, the Magistrate Judge reasoned in part that Adams's motion for a stay "does not flesh out the factual basis for a meritorious McCoy claim." [Record Document 17 at 3]. The Magistrate Judge further stated that there was "no indication that Petitioner has filed or so much as drafted a post-conviction application to get the state process underway." [*Id.*]

This Court notes that Adams has now provided evidence that he did file a second application for post-conviction relief based on the holding in *McCoy*. [Record Document 18-1]. In this application, Adams argues that his lawyer violated his Sixth Amendment right by conceding that he was guilty of manslaughter when Adams instead wished to pursue the affirmative defense of justifiable homicide. [Record Document 18-1 at 10]. Adams states that when his lawyer raised the possibility of a manslaughter defense, he

2

disagreed with that approach and the two did not again discuss the defense strategy until after the lawyer argued in closing arguments that Adams committed manslaughter. [Record Document 18-1 at 10].

Even if the Court were to assume that this assertion alone is enough to constitute a meritorious *McCoy* claim, Adams has not explained how he will satisfy the retroactivity requirement of the Louisiana Code of Criminal Procedure Article 930.8(A)(2) so that the state court will reach the merits of his claim. *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (finding a petitioner's unexhausted claims to be "plainly meritless" because petitioner was procedurally barred from bringing the unexhausted claims in the state court). Article 930.8(A) places a general ban on post-conviction relief filed more than "two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922." Article 930.8(A)(2) provides an exception for applications asserting a claim that is based on a final ruling of an appellate court that establishes a new interpretation of constitutional law. To meet this exception, the applicant must also establish "that this interpretation is retroactively applicable to his case[.]" La. Code Crim. Proc. Ann. art. 930.8(A)(2). Adams's direct appeal of his conviction became final in February 2015 [Record Document 18-1 at 2] and thus his second application for post-conviction relief is subject to Article 930.8. Adams has not identified, and the Court has not independently located, any case law holding that *McCoy* is retroactively applicable. Adams therefore cannot establish that he qualifies for the Article 930.8(A)(2) exception to the two-year time limit on filing for post-conviction relief.

For these reasons, the Court AFFIRMS the order of the Magistrate Judge denying Adams's motion for a stay. [Record Document 17].

THUS DONE AND SIGNED in Shreveport, Louisiana, this the 20th day of December, 2019.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE